UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| DANIEL E. MUTTY, )<br>)<br>  Plaintiff )<br>)<br>v. )<br>)<br>DEPARTMENT OF CORRECTIONS, )<br>et. al., )<br>)<br>  Defendants ) | Civil No. 05-35-B-W |

*Order on Motion to Amend and*
*Recommended Decision of Motion for Summary Judgment and Motion for*
*Preliminary Injunction*

Daniel Mutty is suing the Maine Department of Corrections and various other defendants alleging that the defendants are not treating protective custody inmates at the Maine State Prison the same as inmates in the general population. Mutty argues that his right to equal protection has been infringed and he seeks, solely, injunctive relief. In a letter to the court filed May 9, 2005, and docketed as a motion to amend (Docket No. 14), Mutty states that he is being retaliated against at the Maine State Prison for filing this suit and explains that he wants a transfer to the Penobscot County Jail, observing that such a transfer would moot his civil rights suit. Via a motion for a preliminary injunction (Docket No. 9) Mutty seeks a temporary restraining order and preliminary injunction to ensure that he receives equal treatment at the Maine State Prison. For their part, the defendants move for summary judgment (Docket No. 20) on the grounds that Mutty has been transferred from the Maine State Prison to the Maine Correctional Center (Defs.'s

SMF ¶ 1) where he is a general population prisoner (id. ¶ 2) and therefore does not have standing to pursue his chosen remedy of injunctive relief.

"It goes without saying," said the Supreme Court in City of Los Angeles v. Lyons,

> that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshhold requirement imposed by Article III of the Constitution by alleging an actual case or controversy. Flast v. Cohen, 392 U.S. 83, 94-101 (1968); Jenkins v. McKeithen, 395 U.S. 411, 421-425(1969) (opinion of MARSHALL, J.). Plaintiffs must demonstrate a "personal stake in the outcome" in order to "assure that concrete adverseness which sharpens the presentation of issues" necessary for the proper resolution of constitutional questions. Baker v. Carr, 369 U.S. 186, 204 (1962). Abstract injury is not enough. The plaintiff must show that he "has sustained or is immediately in danger of sustaining some direct injury" as the result of the challenged official conduct and the injury or threat of injury must be both "real and immediate," not "conjectural" or "hypothetical."

461 U.S. 95, 101-02 (1983) (final string citations omitted). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects." O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974).

In his response to the defendants' motion[1] Mutty does not controvert the two factual statements pertaining to his transfer and placement in the general population. Rather, Mutty takes the defendants to task for their interpretation of the case law and argues that he is still under the jurisdiction of the Maine Department of Corrections and that his is a constitutional grievance that is "capable of repetition yet evading review," relying on Helling v. McKinney, 509 U.S. 25 (1993), Scott v. District of Columbia,139 F.3d 940, 941-42 (D.C. Cir. 1998), and Christian Knights of Ku Klux Klan Invisible Empire, Inc. v. District of Columbia, 972 F.2d 365, 369-71 (D.C. Cir. 1992).

---

[1] The defendants have notified the Clerk's Office that they do not intend to file a reply to Mutty's response.

I disagree with Mutty that his complaint is one that qualifies under the "capable of repetition yet evading review" exception to the actual case and controversy standing requirement. As the Scott panel noted, "the Supreme Court must have pondered the same mootness issue in Helling v. McKinney," as it was raised at oral argument, but the "opinion said nothing on the subject of mootness." 139 F.3d at 941. In Scott the Panel stated: "Normally, a prisoner's transfer or release from a prison moots any claim he might have for equitable relief arising out of the conditions of his confinement in that prison," even if a plaintiff is still being held under the authority of the same sovereign. Id.; see also Risley v. Hawk, 108 F.3d 1396, 1397 (D.C. Cir. 1997) ("Because the record indicates that appellant was transferred after his complaint was filed and is no longer incarcerated in any of the prisons from which his claims arose, most of his requests for injunctive relief are moot.") (citing Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975)); Prins v. Coughlin, 76 F.3d 504, 506 (2d Cir. 1996) ("It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility."). The Scott Panel described the District Courts reliance on Christian Knights of Ku Klux Klan Invisible Empire, Inc. and the "capable of repetition yet evading review" doctrine as 'plausible but not particularly persuasive," and proceeded instead to honor the scope of the original preliminary injunction which seemed to enjoin the District regardless of where the plaintiffs were housed under its authority. 139 F.3d at 941.

The undisputed summary judgment record is that Mutty is now at the Maine Correctional Center in the general prison population. Assuming that Mutty lands back in protective custody at a Department of Corrections facility facing similar objectionable

3

conditions of confinement, he has provided no explanation (and I can conceive of none) as to why a complaint based on those facility-specific facts would evade review.

Because Mutty, who seeks only injunctive relief, is no longer at the Maine State Prison and is no longer in protective custody, I recommend that the Court **DENY** his motion for a preliminary injunction and restraining order (Docket No. 9) and **GRANT** the defendants' motion for summary judgment (Docket No. 20).  I **DENY** the motion to amend the complaint because it is moot (Docket No.14) as it is in essence a request for a (now consummated) transfer out of the Maine State Prison.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Dated: July 11, 2005

4